# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| HYDRAFACIAL LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) <br> ) Case No. 2:24-cv-2480-JPM-tmp |
| AESTHETIC MANAGEMENT PARTNERS LLC and AESTHETIC MANAGEMENT PARTNERS INC., | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

## ORDER LIFTING STAY

Before the Court is a Motion to Lift Stay and Accompanying Memorandum, filed by Plaintiff HydraFacial LLC ("Plaintiff" or "HydraFacial") on March 14, 2025. (ECF No. 25.) For the reasons given below, the Motion is **GRANTED**. The Court thus **LIFTS THE STAY**.

## I. BACKGROUND

On July 8, 2024, Plaintiff filed its Complaint for patent infringement against Defendants Aesthetic Management Partners, LLC and Aesthetic Management Partners Inc (collectively, "Defendants"). (ECF No. 1.) Plaintiff asserts Defendants infringe U.S. Patent Nos. 9,550,052 ("the '052 Patent"), 11,446,477 ("the '477 Patent"), 11,865,287 ("the '287 Patent"), 10,357,641 ("the '641 Patent"), and 10,357,642 ("the '642 Patent") (collectively, the "Asserted Patents"). (Id. ¶¶ 7–12.)

### A.     Factual Background

Plaintiff designs, develops, manufactures, and sells skin resurfacing and rejuvenation systems, including hydrodermabrasion systems. (Id. ¶ 13.) "These systems rejuvenate skin by cleaning and exfoliating the skin surface, extracting debris from pores, and nourishing the skin's surface with therapeutic solutions that moisturize and protect the treated skin surface." (Id.) Plaintiff has many different systems, including the HydraFacial Syndeo™, the HydraFacial MD®, the HydraFacial® Tower™, the HydraFacial® Allegro™, the HydraFacial® Wave™, the HydraFacial® Elite™, HydraFacial® Nectre™, and the HydraFacial® Core™ systems (collectively, the "HydraFacial Systems"). (Id. ¶ 14.)

Plaintiff alleges Defendants source and sell aesthetic medical devices, including a hydrodermabrasion device that competes with the HydraFacial Systems. (Id. ¶ 15.) One of these is the AquaFirmeXS system. (Id. ¶ 17.) The AquaFirmeXS system includes an EVO handpiece, which is a "handpiece that is configured to receive a tip" and aids with the hydrodermabrasion functionality. (Id. ¶ 20.)

Plaintiff asserts Defendants infringe the '052, '477, and '287 Patents through, at minimum, the "manufacture, use, sale, offer for sale, and/or importation into the United States of the AquaFirmeXS system." (Id. ¶¶ 34, 44, 54.) Plaintiff asserts Defendants infringe the '641 and '642 Patents through, at minimum, "manufacture, use, sale, offer for sale, and/or importation into the United States of products including the EVO tip and replacement EVO tips." (See id. ¶¶ 64, 74.)

### B.     Procedural Background

On September 11, 2024, the Court granted the Parties' Joint Motion to Stay pursuant to 28 U.S.C. § 1659(a). (ECF No. 21.) The Court stayed all proceedings in the instant case until the

International Trade Commission's ("ITC's") determination in Investigation Number 337-TA-1416 became final. (Id. at PageID 405.)

On March 14, 2025, Plaintiff filed the instant Motion. (ECF No. 25.) The same day, Defendants filed their Response in Opposition. (ECF No. 26.) In their Response, Defendants admit the ITC made a final determination in Investigation Number 337-TA-1416. (See id. at PageID 424.) Defendants, however, ask the Court to continue the stay. (See id. at PageID 425.)

On March 25, 2025, Plaintiff filed its Reply in Support. (ECF No. 30.) On April 3, 2025, Defendants filed their Surreply. (ECF No. 33.)

## II.     LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Gray v. Bush, 628 F.3d 779, 785 (6th Cir. 2010) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)); see Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir. 1988) ("[c]ourts have inherent power to manage their dockets and stay proceedings").

In deciding whether to stay the proceedings pending the ITC and PTAB proceedings, the Court weighs three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." See Anglefix Tech, LLC v. Smith & Nephew, Inc., No. 2:13-cv-02281-JPM-tmp, 2014 WL 11698745, at *1 (W.D. Tenn. May 1, 2014) (quotation omitted).

## III.    PARTY ARGUMENTS

Plaintiff moves the Court to lift the stay because the ITC reached a final determination on Investigation Number 337-TA-1416. (ECF No. 25 at PageID 414.)

3

Defendants argue the Court should continue the stay in the interests of judicial economy, given other parallel proceedings involving the Asserted Patents before the ITC and Patent Trial and Appeal Board ("PTAB"). (ECF No. 26 at PageID 420.) Defendants point to:

- ITC Investigation Number 337-TA-1408, which involves the '287 Patent and has an evidentiary hearing set for April 9–15, 2025;
- ITC Investigation Number 337-TA-1416, which involves the '052 and '287 Patents, but has been terminated;
- ITC Investigation Number 337-TA-1417, which involves the '477 Patent and has an evidentiary hearing set for April 23–29, 2025;
- PTAB *inter partes* review ("IPR") IPR2025-00453,[1] which involves the '477 Patent and is due for an institution decision on July 14, 2025; and
- PTAB IPR IPR2025-00445, which involves the '052 Patent and is due for an institution decision on July 10, 2025.

(Id. at PageID 423.)[2]

Plaintiff argues continuing the stay would cause Plaintiff substantial prejudice and would not simplify the case. (See ECF No. 30 at PageID 442.) In support, Plaintiff argues the IPRs have not been instituted, Defendants are not parties to the IPRs or ITC investigations, and a continuation of the stay would last until the Asserted Patents expire. (See id. at PageID 442–445.)

## IV.   ANALYSIS

Although Defendants did not make a separate motion to continue the stay, the Court will consider Defendants' request to continue the stay, as it directly implicates the instant Motion.

Because the ITC has made a final determination in Investigation Number 337-TA-1416, the Court will lift the stay unless Defendants can show continuing the stay is warranted. (See ECF No. 21 at PageID 405.) The Court addresses the Parties' arguments to continue the stay in context of the three factors enumerated in Anglefix. See 2014 WL 11698745, at *1.

---

[1] Defendants cite IPR2025-0043 as the IPR involving the '477 Patent. (See ECF No. 26 at PageID 423.) Upon review, the Court believes this to be an error, as the only IPR involving the '477 Patent is IPR2025-00453.

[2] Defendants also pointed to PTAB IPR IPR2024-01941, which involves the '287 Patent. (ECF No. 26 at PageID 423.) The PTAB, however, denied institution of this IPR on April 11, 2025. See Eunsung Global Corp. v. HydraFacial LLC, No. IPR 2024-01491 (P.T.A.B. April 11, 2025).

### A.      Undue Prejudice or Clear Tactical Disadvantage

Here, the Court weighs "whether a stay would unduly prejudice or present a clear tactical disadvantage to [Plaintiff]." See id.

Defendant argues continuing the stay would not unduly prejudice Plaintiff because Plaintiff delayed in bringing the suit, agreed to a non-mandatory stay in the case, and can only receive monetary damages as a remedy. (ECF No. 26 at PageID 420–21.)

Plaintiff argues continuing the stay will cause it undue prejudice. (ECF No. 30 at PageID 445.) The Asserted Patents are set to expire in one year, and as a result Plaintiff argues staying the case to obtain a "marginally relevant" administrative ruling would effectively allow Defendants to continue infringing the Asserted Patents. (See id.)

The Court finds Plaintiff would suffer undue prejudice such that this factor does not support continuing the stay. "In assessing prejudice, courts consider whether the parties are competitors, and whether the plaintiff risks harm by [the] defendant's continued use of the allegedly infringing technology." LELO, Inc. v. Standard Innovation (US) Corp., No. 13-cv-01393-JD, 2014 WL 2879851, at *4 (N.D. Cal. June 24, 2014). The Parties are competitors in the hydrodermabrasion space. (See ECF No. 1 ¶ 15.) Plaintiff also has a continued risk of harm, as it "'has an interest in prompt enforcement of its patent rights,' particularly [given] . . . the [P]arties are direct competitors." See Minerva Surgical, Inc. v. Hologic, Inc., No. CV 18-217-JFB-srf, 2021 WL 1840645, at *3 (D. Del. May 7, 2021) (quotation omitted), aff'd, No. CV 18-00217-JFB-srf, 2021 WL 2856596 (D. Del. July 8, 2021).

Defendants' arguments are unavailing. The Court is not persuaded that Plaintiff unduly caused its own delay in filing the case, as the Parties attempted to mediate before Plaintiff initiated the suit. (See ECF No. 30 at PageID 447.) Even if Plaintiff is responsible for a delay, that is

outweighed by the fact that there is an undue prejudice to Plaintiff while the Asserted Patents are active because "the harms resulting from the alleged infringement continue to accrue." See Minerva Surgical, 2021 WL 1840645, at *3.

Thus, this factor weighs against continuing the stay. See id.

### B. Simplification of the Issues

Here, the Court weighs "whether a stay will simplify the issues in question and trial of the case." See Anglefix, 2014 WL 11698745, at *1.

Defendant argues the parallel administrative proceedings before the ITC and PTAB will simplify the case, as they involve overlapping patents. (See ECF No. 26 at PageID 422–23.) Defendant argues the ITC decisions may affect the Court's decision-making and the PTAB decisions could render challenged claims unpatentable. (See id. at PageID 427.)

Plaintiff argues the parallel administrative proceedings before the ITC and PTAB will not simplify the case. (ECF No. 30 at PageID 442.) Regarding the IPRs, Plaintiff argues they do not warrant continuing the stay because (1) the PTAB has yet to institute the IPRs; (2) even if the IPRs are instituted, they do not cover all the Asserted Patents; and (3) Defendants are not parties to the IPRs. (See id. at PageID 443–44.) Regarding the ITC investigations, Plaintiff argues they do not warrant continuing the stay because Defendants are not parties to the investigations and thus the ITC investigations are not duplicative proceedings. (See id. at PageID 444.)

The Court finds the administrative proceedings would not concretely simplify the issues before the Court. Regarding the IPRs, Defendants' request is premature, as the PTAB has yet to institute any of the IPRs. (See ECF No. 26 at PageID 426; ECF No. 30 at PageID 443.) Where a request to stay the case pending an IPR is premature, it does not support staying the case. See Anglefix, 2013 WL 12049110, at *1 (denying a motion to stay where a petition for patent

6

reexamination was not yet granted); see also Force Mos Tech., Co. v. ASUSTek Computer, Inc., No. 2:22-cv-460-JRG, 2024 WL 1586266, at *4 (E.D. Tex. Apr. 11, 2024) ("this Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings").

Even if the PTAB institutes the IPRs, the IPRs cannot simplify all the issues within the case. The IPRs only challenge two of the five Asserted Patents. (See ECF No. 30 at PageID 444); supra n.1. "For this reason, the IPRs cannot simplify the issues to the extent necessary to justify a stay . . . [because] the Court still has a case to try regardless of the outcome of the IPRs." Force Mos, 2024 WL 1586266, at *4.

Furthermore, the ITC investigations do not warrant continuing the stay. The ITC investigations do not involve Defendants or any of Defendants' accused products. (See ECF No. 30 at PageID 444.) Thus, they do not involve the same issues such that continuing the stay is warranted. See AGIS Software Dev. LLC v. Samsung Elecs. Co., No. 2:22-cv-263-JRG-rsp, 2023 WL 5351963, at *2 (E.D. Tex. Aug. 21, 2023).

Thus, this factor weighs against continuing the stay. See id.; Anglefix, 2013 WL 12049110, at *1.

### C. Stage of Litigation

Here, the Court weighs whether discovery is complete and whether a trial date has been set." See Anglefix, 2014 WL 11698745, at *1.

Defendants argue the early stage of the case favors continuing the stay, as the Parties have not conducted discovery, and the Court has not set a trial date. (See ECF No. 26 at PageID 428.) Plaintiff does not address this factor. (Cf. ECF No. 30.)

The Court finds this factor weighs in favor of continuing the stay, as the Parties have not conducted discovery, and the Court has yet to enter a scheduling order. See Software Rights Archive, LLC v. Facebook, Inc., No. C-12-3970 RMW, 2013 WL 5225522, at *3 (N.D. Cal. Sept. 17, 2013) (finding this factor weighed in favor of a stay where "discovery is not near completion, only one witness has been deposed, claim construction briefing has not commenced, deadlines for dispositive motions are still months out, and the court has not set a trial date")

## V.   CONCLUSION

Balancing the Anglefix factors, the Court finds continuing the stay is not warranted. See 2014 WL 11698745, at *1. While the case is in its early stages, Plaintiff will suffer undue prejudice if the Court continues the stay. Furthermore, there is no guarantee the administrative proceedings will simplify the case. See supra Sections IV.A–C. Thus, the Court **LIFTS** the stay previously imposed by its September 11, 2024 Order. (See ECF No. 21.)

Defendants are required to respond to the Complaint within two weeks of this Order.

**SO ORDERED**, this the 18th day of April, 2025.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT COURT JUDGE