IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| HYDRAFACIAL LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:24-cv-02480-JPM-tmp |
| ) | |
| AESTHETIC MANAGEMENT ) | |
| PARTNERS, LLC and AESTHETIC ) | |
| MANAGEMENT PARTNERS INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION FOR LEAVE TO FILE UNDER SEAL PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING DOCUMENTS

Before the Court is Plaintiff's Motion for Leave to File Under Seal Plaintiff's Motion for Preliminary Injunction and Supporting Documents, filed June 13, 2025. (ECF No. 43.) Plaintiff seeks to seal:

- Exhibits B1 and B6, (ECF Nos. 44-3, 44-4);
- portions of the Declaration of Karl Leinsing in Support of Plaintiff's Motion for Preliminary Injunction (the "Leinsing Declaration"), (ECF No. 44-1);
- portions of the Declaration of Vipul Savsani in Support of Plaintiff's Motion for Preliminary Injunction (the "Savsani Declaration"), (ECF No. 44-2); and
- portions of HydraFacial's Memorandum in Support of its Motion for Preliminary Injunction which directly quote the Exhibits, (ECF No. 42-1).

(Id. at PageID 1108–09.)

There is "a 'strong presumption in favor of openness' as to court records." Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (Brown & Williamson, 710 F.2d at 1179). Plaintiff, as the party seeking to seal court records, bears the heavy burden of overcoming that "strong presumption." Id. To meet this burden, Plaintiff must

1

show "(1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored." Durbin v. C&L Tiling Inc., No. 3:18-cv-334-RGJ, 2019 WL 4615409, at *14 (W.D. Ky. Sept. 23, 2019) (citing Rudd Equip. Co. v. John Deere Constr. & Forestry Co., 834 F.3d 589, 593-94 (6th Cir. 2016)).

Here, Plaintiff has met its burden. Each document Plaintiff seeks to seal contains confidential and proprietary materials which warrant sealing. Exhibit B1 is a spreadsheet which "includes confidential sales and financial information dating from 2005 to 2024 regarding the commercial success of various HydraFacial products." (ECF No. 43 at PageID 1109; ECF No. 44-3.) "Exhibit B6 consists of excerpts from the confidential design history file for the HydraFacial Tower containing information on, inter alia, the manufacture, bill of materials, and risks associated with the design of the HydraFacial Tower." (ECF No. 43 at PageID 1109; ECF No. 44-4.) Because both Exhibits B1 and B6 consist of confidential financial information and design documentation which would cause significant harm if disclosed, the Court **GRANTS** Plaintiff's request to seal entirely both Exhibit B1 and Exhibit B6. See Total Quality Logistics, LLC v. Riffe, No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) ("filing under seal is justified because the documents at issue contain confidential business information that, if disclosed on the public docket, would give a significant advantage to competitors of the parties in this action").

Regarding the Leinsing Declaration and Savsani Declaration (collectively, the "Declarations"), and Plaintiff's Memorandum in Support of its Motion for Preliminary Injunction, Plaintiff seeks to redact only the portions concerning Exhibits B1 and B6. (Id. at PageID 1110.) For the same reasons given above, and because Plaintiff seeks the narrower

2

course of redaction rather than wholesale sealing, the Court **GRANTS** Plaintiff's request to redact the Leinsing Declaration, Savsani Declaration, and Plaintiff's Memorandum in Support.

Because Plaintiff has overcome the "'strong presumption in favor of openness' as to court records," its Motion is **GRANTED**.  See Shane, 825 F.3d at 305.  Exhibits B1 and B6, filed as "Under Seal" with Plaintiff's Motion for Preliminary Injunction, are to remain under seal.  (See ECF Nos. 44-3, 44-4.)  The Leinsing Declaration, Savsani Declaration, and Plaintiff's Memorandum in Support of its Motion for Preliminary Injunction, each filed with proposed redactions with Plaintiff's Motion for Preliminary Injunction, will remain as redacted.  (See ECF Nos. 42-1, 42-2, 42-3, 42-4, 42-5, 42-6, 42-23.)

**SO ORDERED** this the 17th day of June, 2025.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE